IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:14cv1169-CSC |
| | ) (WO) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On August 21, 2018, the plaintiff filed a petition for authorization of attorney fees (doc. # 21) seeking an award of fees in the amount of $10,808.75. In her petition for fees, counsel for Smith asserts that since December 2011, she spent "a total of 21.1 hours before this Court representing the Plaintiff in connection with his claim" for Social Security disability benefits. (Doc. # 20 at 2). Although the defendant does not object to an award of fees (doc. # 23), the court must be satisfied that an award is reasonable.

The plaintiff entered into a contingency fee agreement with counsel in which the plaintiff agreed to pay attorney's fees in the amount of 25% of any past due benefits awarded to him. (Doc. # 22, Ex. A). On November 24, 2014, the plaintiff sought review of the Commissioner's adverse decision in this court. (Doc. # 1, Compl.). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017.

Magistrate Judge. On May 16, 2016, the court remanded this case to the Commissioner for further proceedings. (Docs. # 19 & 20).

On August 24, 2017, the plaintiff received a partially favorable decision and was awarded past due benefits. (Doc. # 21, Ex. B). The Social Security Administration withheld $16,808.75 from his past due benefits for payment of attorney's fees. (Doc. # 21, Ex. C). Plaintiff's counsel received $6,000.00 for work performed at the administrative level pursuant to 42 U.S.C. § 406(a). (*Id*). After deducting that amount, $10,808.75 remains for an award of fees in this court pursuant to § 406(b).

While the United States does not oppose the award of fees, the court must independently determine whether an award of attorney's fees in the amount of $10,808.75 is reasonable in this case. The plaintiff's counsel asserts that she expended 21.10 hours representing the plaintiff in this court which equates to an hourly rate of $512.26. In *Grisbrecht*, the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent

2

of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Gisbrecht*, 535 U.S. at 808.

"Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, at 807. The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*. Counsel is seeking $10,808.75 in attorney's fees for 21.10 hours of work over an eighteen month period. Counsel asserts that the sum sought is reasonable, mainly because she "represents a large number of claimants for Social Security benefits under contingency fee agreements." (Doc. # 21 at 2, ¶ 5). Counsel provides the court no information regarding her experience in this court or expertise in handling Social Security disability claims. While the court recognizes that counsel secured a partially favorable decision for the plaintiff, the mere fact that she represents many clients is insufficient to warrant such a hourly rate in excessive of $500.00 an hour.

Moreover, this court disapproves of attorneys billing an excessive amount of time for particular tasks. In reviewing her bill, the court notes that counsel billed 3.5 hours for "[p]reparation and submission of Appeal paperwork to the District Court." (Doc. # 20, Ex. D). The complaint in this case is a two page, six paragraph document. (Doc. # 1). The motion to proceed *in forma pauperis* is a single paragraph with a form affidavit attached. (Doc. # 2). Counsel further billed one hour for "[r]eceipt ordering (sic) granting Motion for

IFP; prepare service documents for U.S. Marshall (sic)." (Doc. # 21, Ex. D). The court's order is three pages. (Doc. # 3). Counsel also billed 1.2 hours to review the Commissioner's answer which is a standard two page answer. *See* Doc. # 9. Thus, the court concludes that counsel's hours are excessive and unreasonable for these tasks. Consequently, court further concludes that reducing the plaintiff's request for fees by 25% is reasonable under the circumstances of this case.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b), the petition for attorney's fees (doc. # 21) be and is hereby GRANTED, to the extent that the Commissioner shall pay to the plaintiff's attorney $8,106.56 of the amount previously withheld from the plaintiff's past due benefits.

In all other respects, the motions for attorney's fees be and are hereby DENIED.

Done this 29th day of October, 2018.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE